**[J-110-2016][M.O. – Todd, J.]**

**IN THE SUPREME COURT OF PENNSYLVANIA**
**WESTERN DISTRICT**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 9 WAP 2016 |
| | : | |
| Appellant | : | Appeal from the Order of the Superior |
| | : | Court entered August 25, 2015 at No. |
| v. | : | 1459 WDA 2013, vacating the order of |
| | : | the Court of Common Pleas of |
| | : | Allegheny County entered August 27, |
| SHAWN LAMAR BURTON, | : | 1993 at Nos. CP-02-CR-0004017-1993 |
| | : | and CP-02-CR-0004276-1993 and |
| Appellee | : | remanding. |
| | : | |
| | : | |
| | | SUBMITTED: September 9, 2016 |

***CONCURRING OPINION***

**CHIEF JUSTICE SAYLOR**                    **DECIDED:  MARCH 28, 2016**

I join the majority opinion based upon the precedent established by *Commonwealth v. Bennett*, 593 Pa. 382, 930 A.2d 1264 (2007), supplemented by the present opinion's developed explication of the unreasonableness in enforcing a strong presumption of access to public records at least as against unrepresented prisoners.

To the extent that the majority undertakes to reaffirm and buttress the logic of *Bennett*, however, I continue to have great difficulty with the approach to statutory construction by which the *Bennett* majority decoupled the "facts" contemplated by Section 9545(b)(ii) of the PCRA from the "claims" serving as the explicit bases for statutory post-conviction relief per Section 9543(a).  *See Bennett*, 593 Pa. at 402-10, 930 A.2d at 1275-80 (Saylor, J., dissenting).